# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

**RIGOBERTO CEPERO-LLANES**

**VS.**

**KRISTI NOEM, ET AL.**

**CIVIL ACTION NO. 26-0476**

**SECTION P**

**JUDGE TERRY A. DOUGHTY**

**MAG. JUDGE CAROL B. WHITEHURST**

## ORDER

Petitioner Rigoberto Cepero-Llanes, a detainee at ERO El Paso Camp East Montana, "which is located within the Western District of Texas[,]"who is in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, moves to transfer venue to the Western District of Texas. [doc. # 13]. Respondents do not oppose the motion.

Petitioner states: "At the time this petition was filed, venue was proper in this Court as petitioner was detained in the Central Louisiana ICE Processing Center. Since filing, Petitioner has been transferred to the custody of U.S. Immigration and Customs Enforcement and is presently detained at ERO El Paso Camp East Montana, which is located within the Western District of Texas." *Id.* at 2. Petitioner acknowledges: "Although this Court retains jurisdiction notwithstanding Petitioner's transfer, Petitioner's immediate custodian is now located within the Western District

of Texas, and any relief ordered by the Court will necessarily involve officials located in that district." *Id.*

"'To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian.'" *Williams v. United States*, No. 20-10422, 2021 WL 5871878, at *1 (5th Cir. Dec. 10, 2021) (emphasis added) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Critically, jurisdiction *attaches* "upon the initial filing for habeas corpus relief." *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978); *see Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).[1]

---

[1] *See Zare v. U S Immigr. & Customs Enf't*, No. 1:25-CV-01450, 2025 WL 2822495, at *1 (W.D. La. Oct. 2, 2025); *Smith v. Fleming*, No. CIV.A.4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) ("It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Mahamud v. Sessions*, No. 17-21044-CIV, 2017 WL 11696778, at *1 (S.D. Fla. Mar. 28, 2017) (transferring to the Middle District of Florida, where the petitioner was confined "at the time of filing"); *Mesa Rodriguez by Next Friend Pinero v. Krome N. Serv. Processing Ctr.*, No. 2:26-CV-648-JES-NPM, 2026 WL 840859, at *2 (M.D. Fla. Mar. 26, 2026) ("If Mesa Rodriguez refiles his petition, he must file it in the District Court with jurisdiction over the facility at which he is detained at the time of filing."); *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264-AGM-DCI, 2026 WL 327639, at *3 (M.D. Fla. Feb. 8, 2026) ("The Court's

Here, Petitioner was not detained in the Western District of Texas at the time of filing. Petitioner does not brief whether, following his transfer, the Western District of Texas enjoys concurrent jurisdiction.

Accordingly, **IT IS ORDERED** that Petitioner shall, within **seven (7) days**, brief whether the Western District of Texas has jurisdiction over this proceeding.

In Chambers, Lafayette, Louisiana, this 11th day of June, 2026.

_____
Carol B. Whitehurst
United States Magistrate Judge

---

jurisdiction is fixed as of the date the petition is filed and if the petition adequately names the immediate custodian, then subsequent moving of the petitioner does not defeat the court's habeas jurisdiction."); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *1 (N.D. Ala. Mar. 12, 2026) ("Jurisdiction depends on the petitioner's location at the time of filing."); *Winene v. Custodian, Baker Cnty. Det. Ctr.*, No. 17-CIV-20841, 2017 WL 11697552, at *1 (S.D. Fla. Apr. 25, 2017), *report and recommendation adopted sub nom. Winene v. Sessions*, No. 17-20841-CIV, 2017 WL 11697550 (S.D. Fla. May 25, 2017).