**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**RIGOBERTO CEPERO-LLANES**          **CIVIL ACTION NO. 26-0476**

                                     **SECTION P**

**VS.**

                                     **JUDGE TERRY A. DOUGHTY**

**KRISTI NOEM, ET AL.**              **MAG. JUDGE CAROL B.**
                                     **WHITEHURST**

## ORDER

Petitioner Rigoberto Cepero-Llanes, a detainee at ERO El Paso Camp East Montana, "which is located within the Western District of Texas[,]" who is in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, moves to transfer venue to the Western District of Texas. [doc. # 13].  Respondents do not oppose the motion.

Petitioner states: "At the time this petition was filed, venue was proper in this Court as petitioner was detained in the Central Louisiana ICE Processing Center. Since filing, Petitioner has been transferred to the custody of U.S. Immigration and Customs Enforcement and is presently detained at ERO El Paso Camp East Montana, which is located within the Western District of Texas." *Id.* at 2.  Petitioner acknowledges: "Although this Court retains jurisdiction notwithstanding Petitioner's transfer, Petitioner's immediate custodian is now located within the Western District

1

of Texas, and any relief ordered by the Court will necessarily involve officials located in that district." *Id.*

"'To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian.'" *Williams v. United States*, No. 20-10422, 2021 WL 5871878, at *1 (5th Cir. Dec. 10, 2021) (emphasis added) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, *the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.*" *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (emphasis added). Jurisdiction *attaches* "upon the initial filing for habeas corpus relief." *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978); *see Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).[1]

---

[1] *See Zare v. U S Immigr. & Customs Enf't*, No. 1:25-CV-01450, 2025 WL 2822495, at *1 (W.D. La. Oct. 2, 2025); *Smith v. Fleming*, No. CIV.A.4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) ("It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Mahamud v. Sessions*, No. 17-21044-CIV, 2017 WL 11696778, at *1 (S.D. Fla. Mar. 28, 2017) (transferring to the Middle District of Florida, where the petitioner was confined "at the time of filing"); *Mesa Rodriguez by Next Friend Pinero v. Krome N. Serv. Processing Ctr.*, No. 2:26-CV-648-JES-NPM, 2026 WL 840859, at *2 (M.D. Fla. Mar. 26, 2026) ("If Mesa Rodriguez refiles his petition, he must file it in the District Court with jurisdiction over the facility at which he is detained at the time of filing."); *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264-AGM-DCI, 2026 WL 327639, at *3 (M.D. Fla. Feb. 8, 2026) ("The Court's

Here, Petitioner was not detained in the Western District of Texas at the time of filing. On June 11, 2026, the Court ordered Petitioner to brief whether, following his transfer, the Western District of Texas enjoys concurrent jurisdiction. [doc. # 14]. On June 16, 2026, Petitioner filed a supplemental brief, but he did not provide any authority indicating that the Western District of Texas enjoys jurisdiction concurrent with this Court. "The party asserting jurisdiction bears the burden to demonstrate that subject matter jurisdiction exists." *Wylie v. Bank of New York Mellon*, 856 F. Supp. 2d 837, 842 (E.D. La. 2012). "Even were the parties to waive a lack of subject matter jurisdiction, they cannot do so, and the court is 'duty-bound' to examine subject matter jurisdiction. *Id.* (footnote omitted)

"[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish *or waiver* of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)

---

jurisdiction is fixed as of the date the petition is filed and if the petition adequately names the immediate custodian, then subsequent moving of the petitioner does not defeat the court's habeas jurisdiction."); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *1 (N.D. Ala. Mar. 12, 2026) ("Jurisdiction depends on the petitioner's location at the time of filing."); *Winene v. Custodian, Baker Cnty. Det. Ctr.*, No. 17-CIV-20841, 2017 WL 11697552, at *1 (S.D. Fla. Apr. 25, 2017), *report and recommendation adopted sub nom. Winene v. Sessions*, No. 17-20841-CIV, 2017 WL 11697550 (S.D. Fla. May 25, 2017).

(emphasis added).  "If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where (the action) might have been brought.  If he does not have that right, independently of the wishes of defendant, it is not a district where it might have been brought, and it is immaterial that the defendant subsequently (makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum).'"  *Id.* (quoting *Blaski v. Hoffman*, 260 F.2d 317, 319 (7th Cir. 1958), *aff'd,* 363 U.S. 335 (1960) (internal quotation marks of 28 U.S.C. § 1404 omitted).  "For transfer under 28 U.S.C.A. § 1404(a), both the transferor and the transferee districts must have subject matter jurisdiction over the case."  SECTION 3845, FORUMS TO WHICH TRANSFER POSSIBLE, 15 FED. PRAC. & PROC. JURIS. § 3845 (4th ed.).

28 U.S.C. § 1404(a) does state that a district court may transfer to "any district or division to which all parties have consented."  And here, Respondents do not oppose the transfer.  However, "Parties may not waive the issue of subject matter jurisdiction."  *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023); *see also Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir. 1996) ("[J]urisdiction cannot be conferred by consent."); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties."); *Elam v. Kansas City S. Ry. Co.*, 635

4

F.3d 796, 802 (5th Cir. 2011) ("Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent."); *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 740 (7th Cir. 2009) (noting that "[s]ubject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants"); *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1006 n.6 (9th Cir. 2010) ("It is well established that subject matter jurisdiction cannot be expanded or contracted by prior action or consent of the parties." (citation and internal quotation marks omitted)).

Accordingly, **IT IS ORDERED** that Petitioner's motion, [doc. # 13], is **DENIED**.

In Chambers, Lafayette, Louisiana, this 22nd day of June, 2026.

_____
Carol B. Whitehurst
United States Magistrate Judge